35 F.3d 556
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Thomas Anthony LITTEK, Plaintiff-Appellant,
v.
VIRGINIA PAROLE BOARD; John Greco; Augusta County Jail;
Attorney General of the Commonwealth of Virginia,
Defendants-Appellees.
 No. 94-6196.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 14, 1994.
Decided Sept. 15, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Jackson L. Kiser, Chief District Judge. (CA-93-467, CA-93-521).
 Thomas Anthony Littek, appellant pro se.
 Alan Katz, Office of the Attorney General of Virginia, Richmond, VA, J. Ross Newell, III, Timberlake, Smith, Thomas & Moses, P.C., Staunton, VA, for appellees.
 W.D.Va.
 AFFIRMED. OPINION
 PER CURIAM:
 
 
 1
 Thomas Anthony Littek appeals from a district court order granting summary judgment in favor of the Virginia Parole Board and dismissing Defendant Greco in Littek's 42 U.S.C. Sec. 1983 (1988) action. We affirm.
 
 
 2
 Littek's complaint alleged that he was wrongly denied timely consideration for parole and access to his prison file. The district court found that he had no right to either. We agree with the district court that Littek had no right to access to his prison file. Franklin v. Shields, 569 F.2d 784, 800 (4th Cir.1977) (en banc), cert. denied, 435 U.S. 1003 (1978). The district court properly granted summary judgment on this claim.
 
 
 3
 Littek's complaint also alleged that he was wrongly denied timely parole consideration. Littek claimed that a liberty interest in timely consideration arose from Va.Code Ann. Sec. 53.1-154 (Michie 1992). That statute entitles a Virginia prisoner to timely parole consideration unless "reasonable cause" for delay exists. In support of his construction of that statute, Littek cited decisions of other circuits finding liberty interests created by statutes that allowed exceptions only for "good cause." E.g., Long v. Norris, 929 F.2d 1111, 1117 (6th Cir.1991), cert. denied, 60 U.S.L.W. 3262 (U.S.1991).
 
 
 4
 We do not express an opinion on whether the statute at issue here creates a liberty interest in timely parole consideration. Rather, we find that the right is not so clearly established that a reasonable person acting in the Defendants' positions would have known that their conduct violated any liberty interest. The Defendants, therefore, are protected by qualified immunity. Gooden v. Howard County, 954 F.2d 960, 968 (4th Cir.1992) (en banc). Therefore, the district court properly granted summary judgment in favor of the Defendants on this claim as well.
 
 
 5
 We affirm the district court order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED